**Mark LEYSE, Plaintiff,**

v.

**LIFETIME ENTERTAINMENT SERVICES, LLC, Defendant.**

**13 Civ. 5794 (AKH)**

United States District Court, S.D. New York.

Signed March 17, 2016

Todd C. Bank, Law Office of Todd C. Bank, Kew Gardens, NY, for Plaintiff.

Camille Calman, Edward J. Davis, Eric Joel Feder, Sharon L. Schneier, Davis Wright Tremaine LLP, New York, NY, for Defendant.

### ORDER ENTERING JUDGMENT FOR PLAINTIFF

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Mark Leyse brought suit against Defendant Lifetime Entertainment Services, LLC ("Lifetime") for its alleged violation of the Telephone Consumer Protection Act of 1991 ("TCPA"). 47 U.S.C. § 227 *et seq.* Leyse sought to certify a class of other similarly situated individuals. Plaintiff's motion for class certification was denied, as was the motion for reconsideration of the denial. Only Leyse's individual claim remains, for which he can recover $500 in statutory damages, or a maximum award of $1500 if the violation was willful or knowing. 47 U.S.C.A. § 227(b)(3). Trial is scheduled to begin on April 4, 2016. Defendant Lifetime has offered to pay the plaintiff $1,503.00 plus costs, and moved for entry of judgment in favor of plaintiff and to dismiss the complaint. Leyse has not accepted this offer.

For the reasons described below, Defendant's motion to enter judgment on behalf of plaintiff Leyse will be granted upon payment to the Clerk of Court for credit to plaintiff, of the full offered amount and an additional amount of $400 to cover the costs estimated by the Clerk.

### I. Current Motion

Defendant argues that a district court has the authority to enter judgment on behalf of a plaintiff, even over the plaintiff's objections, upon a defendant's tender of all available relief. *See, e.g., Bank v. Carribean Cruise Line, Inc.*, 606 Fed. Appx. 30, 31 (2d Cir.2015) ("Where there is an unaccepted offer of judgment that would afford the plaintiff complete relief, we have held that 'the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer.'" (quoting *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir.2013))); *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir.2005).

Plaintiff argues that the Supreme Court's holding in *Campbell–Ewald Co. v. Gomez,* —— U.S. ——, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016), prevents the entry of judgment. The Court in *Campbell–Ewald* held that a defendant's unaccepted settlement offer, which would provide plaintiff with the full relief sought, does not moot a plaintiff's cause of action. "Like other unaccepted contract offers, [the settlement

offer] creates no lasting right or obligation." *Campbell–Ewald,* 136 S.Ct. at 666. The controversy is still live as long as the plaintiff has in fact "no entitlement to the relief ... previously offered," *id.* at 670, and a district court retains subject matter jurisdiction. 136 S.Ct. at 672. *Campbell–Ewald* resolved a circuit split and endorsed Second Circuit precedent that had already held that a district court cannot dismiss the plaintiff's complaint on the basis of such an unaccepted settlement offer. *Id.* at 670 n.4 (citing *Tanasi v. New Alliance Bank,* 786 F.3d 195, 199–200 (2d Cir.2015)).

*Campbell–Ewald* expressly did not reach the question of whether the district court had authority to enter a judgment for the plaintiff over the plaintiff's objections and dismiss the action, if the full amount in controversy were actually paid. *See Campbell–Ewald,* 136 S.Ct. at 672 (2016) ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount."); *cf. Western Wayne Urgent Care, P.C. v. Fenster–Martens Holding Company,* 2016 WL 704962, at *2 n.2 (E.D.Mich. Feb. 23, 2016) ("[A]t least some Sixth Circuit precedent seemingly permits a district court to enter a judgment in favor of the plaintiff in accordance with a defendant's offer that satisfies the plaintiff's entire demand, even if the plaintiff has not accepted this offer.... The Court need not decide whether the Sixth Circuit's decision in *O'Brien* survives the ruling in *Campbell–Ewald*" (citing *O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d 567, 574–76 (6th Cir.2009))).

But I do not read *Campbell–Ewald* to disrupt the Second Circuit's precedent allowing for the entry of judgment for the plaintiff over plaintiff's objections. *Camp-*bell–Ewald* precludes a dismissal in favor of the defendant because of unaccepted, offered relief that obliges the defendant to pay nothing, where such offered relief is "only a proposal" with "no continuing efficacy." 136 S.Ct. at 670. Second Circuit precedent already comported with this principal, and made judgment and full relief in favor of the plaintiff necessary precursors to the dismissal of an action in the event of an unaccepted settlement offer. *See, e.g., Tanasi,* 786 F.3d 195 at 200 ("Absent [an] agreement, however, the district court should not enter judgment against the defendant if it does not provide complete relief."); *McCauley,* 402 F.3d at 342 (vacating dismissal in defendant's favor, which relieved it of the obligation to pay an unaccepted settlement, and remanding for entry of default judgment in favor of plaintiff); *Bank,* 606 Fed.Appx. at 31 (" '[U]nder the law of our Circuit, an unaccepted Rule 68 offer alone does not render a plaintiff's individual claims moot *before the entry of judgment* against the defendant,' " *Tanasi,* 786 F.3d at 197, but rather, "[o]nly after the entry of judgment in the plaintiffs favor 'is the controversy resolved such that the court lacks further jurisdiction,' " *Cabala,* 736 F.3d at 228.).

But once the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in its favor. A plaintiff has no entitlement to an admission of liability, as a party can always incur a default judgment and liability without any factual findings. *See McCauley,* 402 F.3d at 341 ("[I]t is always open to a defendant to default and suffer judgment to be entered against him without his admitting anything." (quoting *Chathas v. Local 134 IBEW,* 233 F.3d 508, 512 (7th Cir.2000))). "[I]f the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment. The absence of a controversy

in the constitutional sense precludes the court from issuing an opinion on whether the defendant actually violated the law." *Id.* at 342 (quoting *Chathas,* 233 F.3d at 512).[1] As here, a defendant's deposit of a full settlement with the court, and consent to entry of judgment against it, will eliminate the live controversy before a court. *Tanasi,* 786 F.3d at 200 (citing *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.,* 485 F.3d 85, 94 (2d Cir.2007)).

## II. Conclusion

This court will enter judgment in plaintiff's favor once defendant has deposited with the Clerk of Court, to the credit of plaintiff, a bank or certified check in the amount of $1,503.00, and an additional amount of $400 to cover court costs as determined by the Clerk.

As requested in Leyse's complaint, and agreed to by the defendant, an injunction will also issue upon submission of an appropriate form of judgment, prohibiting the defendant from calling plaintiff at the telephone number previously called in alleged violation of the TCPA. The Clerk will. terminate the motion [Dkt. No. 118] and mark the case closed upon submission of the judgment.

---

1. A judgment in plaintiff's favor would not necessarily preclude plaintiff's subsequent appeal on the class certification issue. "[T]he denial of class certification [is] as an example of a procedural ruling, collateral to the merits of a litigation, that is appealable after the entry of final judgment." *See Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper,* 445 U.S. 326, 336, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). The Supreme Court has allowed the appeal of an unfavorable certification decision even after "a judgment entered on the merits in favor of the named plaintiff." *Id.* at 338, 100 S.Ct. 1166.